IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-0224 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| -vs- | ) | |
| | ) | **UNOPPOSED MOTION TO** |
| BOGDAN NICOLESCU, | ) | **CONTINUE TRIAL, FINAL** |
| TIBERIU DANET, and | ) | **PRE-TRIAL AND MOTION** |
| RADU MICLAUS, | ) | **DATES** |
| | ) | |
| Defendants. | ) | |

Now comes the Defendant, Tiberiu Danet, by and through undersigned counsel, Ronald L. Frey, of The Frey Law Firm, LLC, and hereby respectfully moves this Honorable Court to continue the trial in this matter, as well as the pre-trial and motion dates. Trial is currently scheduled for September 5, 2017 and a final pre-trial is set for August 17, 2017. The undersigned has engaged in multiple discussions with all counsel for all co-defendants, as well as the Assistant United States Attorneys assigned this matter. Following a thorough review of the status of discovery, as well as available dates going forward, the government has no objection to the instant request and the parties propose a trial date of Monday, March 19, 2018, with a corresponding final pre-trial date approximately three (3) weeks prior to trial and a pre-trial motion deadline approximately five (5) weeks prior to trial.

1

This case has previously been declared complex and involves a 53 page, 21 count Indictment that spans a period of many years. The volume of discovery in this case is substantial and the discovery process remains ongoing. To date, the defense has been provided with five (5) boxes of material that contain documentation, as well as a significant number of discs that contain Electronically Stored Information (ESI). In addition, the government has provided multiple DVDs containing a variety of reports and associated files. Further, the undersigned provided the government with multiple blank external hard-drives that were then loaded with approximately eight (8) terabytes of discoverable data and information. Upon information and belief, it is anticipated that the government has approximately forty (40) additional terabytes worth of information and data that will be made available to the defense during the discovery process. The parties have worked together to facilitate the exchange of discovery. Further, the undersigned has engaged in meetings with the agents, at their offices, in order to better understand the structure of the data provided.

Undersigned counsel continues to process and review the significant amount of discovery provided to date. In addition to the ongoing review being conducted by the undersigned, the Defendant currently remains detained at Youngstown CCA and this information and data has to be shared in a meaningful way in order to ensure all of his rights are secured. Due to the volume and nature of the discovery and data, as well as the fact that the majority of the discovery has been provided on external hard drives, this process requires significant time and has presented a variety of logistical challenges, especially in light of the software limitations on the machines located within the facility.

It is respectfully submitted that this Honorable Court should exercise its discretion pursuant to 18 U.S.C. § 3161(h)(7)(A) and grant the requested continuance in order to allow the

2

Defendant sufficient time to investigate the allegations set forth in the indictment, review and analyze the discovery presented, and to prepare a defense.

Generally, a basic right found in the constitutional guarantees of Due Process and Fair Trial is that defense counsel be afforded the ability to prepare an adequate defense. *See, e.g., White v. Ragen* (1945), 324 U.S. 760, 763; *Hawk v. Olson* (1945), 326 U.S. 271; *Powell v. Alabama* (1932), 287 U.S. 45. Currently, although there have been a number of meetings and discussions and exchanges of discovery, the undersigned counsel and counsel for the United States of America are involved in discovery that is yet to be completed.

Pursuant to 18 U.S.C. § 3161(h)(7)(B), the factors to be weighed for purposes of deciding whether to grant a continuance include the following:

> (i)Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii)Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> (iii)Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> (iv)Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

To grant a continuance, a trial court must evaluate the above-referenced factors and arrive at the conclusion that "the ends of justice" are served by doing so.  In the matter *sub judice,* analysis of the foregoing factors leads to the conclusion that a continuance serves the ends of justice.  Having a meaningful opportunity to analyze the evidence is crucial to identifying any potential defenses that the Defendant may have at trial.  It is well established that a continuance of a trial shall be granted in order to allow all parties sufficient time "to investigate, research, prepare and file pretrial motions."  *United States v. Monroe,* 833 F.2d 95, 99 (6th Cir. 1989).  To proceed to trial – or otherwise decide whether trial is in the Defendant's best interests – prior to the completion of an independent analysis of the discoverable evidence and data is tantamount to denying the Defendant the right to present a meaningful defense.

The undersigned certifies to this Court that the case is being prepared with due diligence and that this Motion is not made for purposes of delay. The defense needs the opportunity to review the documentation provided to date, as well as the terabytes of data and ESI provided on external hard drives, in addition to conducting meaningful research and investigation of the issues presented therein.

For these reasons, following meaningful consultation with all parties hereto, the submits following proposed scheduling order is proposed to the Court:

**PRE-TRIAL MOTIONS**

Motions due on or before February 12, 2018

Oppositions due fourteen (14) days thereafter

**FINAL PRE-TRIAL**

On or before the week of February 26, 2018

Suppression hearing will be held on the date of the Final Pre-trial

4

**TRIAL DATE**

Monday, March 19, 2018

The Defendant understands that, pursuant to 18 USC § 3161 and the provisions therein, the Defendant is entitled to the commencement of a trial within seventy (70) days after arraignment, or the filing of indictment, whichever date occurs later. The Defendant also understands that this Honorable Court must then make the necessary findings in order for a continuance to be justified. The Defendant understands and acknowledges that the Act excludes periods of time and certain specified circumstances, including, but not limited to, a delay resulting from a continuance, such as the instant request, granted by any Judge on his Motion or at the request of the Defendant or his counsel ... if the Judge grants such Continuance on the basis on findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant ends speedy trial. Title 18, Section 3161(h)(8)(A).

The Defendant also understands and acknowledges that this Honorable Court may consider several factors in determining whether to grant a continuance, including, but not limited to, whether the granting of such a continuance in a proceeding would result in a miscarriage of justice. The Defendant recognizes that the Act also provides that when "the case is so unusual or so complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for a pre-trial proceeding or for the trial itself within the time limits established by this Section."

Upon information and belief, the Assistant United States Attorneys in this matter have no objection to the instant requested continuance and no objection to the proposed schedule contained herein. Based upon the foregoing, the Defendant respectfully requests that this Honorable Court continue the pre-trial and trial date.  The continuance requested is for a

legitimate reason and not for purposes of causing undue burden or delay. It is respectfully submitted that granting this Motion will serve the ends of justice.

WHEREFORE, the Defendant, Tiberiu Danet, by and through undersigned counsel, respectfully requests that this Honorable Court continue the trial in this matter, as well as the pre-trial and motion dates, in order to allow adequate time for the parties to complete the exchange of discovery and for the Defendant to conduct an analysis of the materials and ESI provided.

Respectfully submitted,

 /s/ Ronald L. Frey
RONALD L. FREY (0078180)
Counsel for Defendant Tiberiu Danet
THE FREY LAW FIRM, LLC
600 Superior Ave. E #1300
Cleveland, OH 44114
(844) 766-3739
RF@FreyLegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Unopposed Motion to Continue Trial, Final Pre-trial and Motion Dates has been served via ECF delivery this 10th day of July 2017, to Duncan Brown, Esq., Assistant United States Attorney, at Duncan.Brown@usdoj.gov, and to all parties indicated on the electronic filing receipt.

 /s/ Ronald L. Frey
RONALD L. FREY
Counsel for Defendant Tiberiu Danet

6