### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-00224 |
| | ) | |
| Plaintiff, | ) | JUDGE GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | **MOTION IN LIMINE** |
| RADU MICLAUS, et al. | ) | **Re: Testimonial Hearsay** |
| | ) | **Statements** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Now comes Defendant Radu Miclaus (the "Defendant"), by and through counsel, and hereby respectfully moves this Court to bar the prosecution from directly or indirectly attempting to use any evidence that does either of the following:

A. Violates the "hearsay" prohibitions of the Federal Rules of Evidence; and/or (even if the rules might be interpreted as permitting hearsay)

B. Violates the "testimonial" violations of Confrontational Claus of the Sixth Amendment of the United States Constitution, as mandated and/or discussed by *Crawford v. Washington*, 541 US 36 (2004); *Davis v. Washington*, 547 US 813 (2006); *Hammon v. Indiana*, 547 U.S. 813 (2006); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009); and

*Bullcoming v. New Mexico*, 564 US 647 (2011).

It is anticipated that the prosecution shall attempt to introduce literally thousands of documents[1] and many witnesses (20 plus) in the trial in this matter.  As this Court is aware, the discovery production in this case involves vast amounts of documents - some printed and most in digital format.[2]  Many individuals have also been identified in discovery.

Many of the documents will be replete with blatant hearsay statements that are barred by the hearsay prohibitions set forth in the Federal Rules of Evidence, and many of the witnesses might be asked questions that call for blatantly hearsay response also barred by the hearsay prohibitions of the Federal Rules of Evidence.

Further, even if a liberal reading of the hearsay prohibitions of the Federal Rules of Evidence might permit a small amount of the hearsay records/statements to be potentially admissible, recent federal law (starting with *Crawford v. Washington* in 2004) has barred the admission of such statements to the extent they are "testimonial" unless (1) the witness in question is unavailable and (2) there was prior opportunity by the defendant for cross-

---

[1] This motion does not involve "authentication" issues that have been previously addressed by this Court in previous motion practice.

[2] During the course of discovery disclosures, well over 8 TBs ("terabytes") of digital information has been turned over to the defense.  The volumes of evidentiary data here is somewhat overwhelming.

examination.

Further still, Defendant is also seeking to have this Court address the important hearsay issues in this case by ordering the prosecution to identify all of the documentary exhibits and witnesses which the government intends on utilizing or admitting at trial so that the Defendant and this Court can have reasonable and timely advance notice of the hearsay issues, and thus provide a reasonable and timely platform for objection and ruling (or potentially resolving by stipulation) on hearsay issues. In that regard, the Defendant also respectfully requests a hearsay hearing long before trial so that this important task may be accomplished.

All as more specifically addressed in the Memorandum attached hereto and made a part hereof.

Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP

**/Michael J. O'Shea**
Michael J. O'Shea, Esq. (0039330)
michael@lipsonoshea.com
Hoyt Block Building - Suite 110
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 241-0011 - Cleveland office
(440) 356-2700 - Rocky River office
(440-331-5401 - fax
**Attorney for the Defendant**

## **PROOF OF SERVICE**

    I hereby certify that a true copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic system.

                                          <u>S/Michael J. O'Shea</u>
                                          Michael J. O'Shea

**MEMORANDUM**

1. **The Hearsay Rules as Set Forth in the Federal Rules of Evidence.**

The Federal Rules of Evidence have some rather unambiguous prohibitions concerning what the law generally calls "hearsay." Generally speaking, unless a firmly established exception applies, hearsay statements are barred from the courtroom. See Fed. R. Evid. 802. The only two rules that discuss specific hearsay exceptions are Fed.R. Evid. 803 (exceptions that apply regardless of whether the declarant is available or not)[3] and Fed.R.Evid. 804 (exceptions that apply only when the declarant is not available).[4]

Further, Fed.R.Evid. 807 *may* allow this Court to admit *some* of what is clearly prohibited by the hearsay prohibitions – but:

> "only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the *statement* and *its particulars*, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Stated another way, in the event that the prosecution desires to rely, directly or indirectly, on Rule 807, then the prosecution must specifically and unambiguously identify each and every hearsay statement that the prosecution seeks to admit.

---

[3] None of the 23 exceptions in Rule 803 apply in this case.

[4] None of the 5 exceptions in Rule 804 apply in this case.

2. **The "Testimonial" Prohibitions of *Crawford* and its Progeny**.

In the event, and only in the event, that this Court concludes that the United States can admit timely disclosed and clearly identifiable hearsay statements under the Rules of Evidence, ***then*** this Court must ***still*** analyze those statements under the Confrontation Clause pronouncements set by the United States Supreme Court in the recent cases of *Crawford v. Washington*, 541 US 36 (2004); *Davis v. Washington*, 547 US 813 (2006); *Hammon v. Indiana*, 547 U.S. 813 (2006); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009); *Bullcoming v. New Mexico*, 564 US 647 (2011); and Ohio v. Clark, 135 S.Ct. 2173 (2015) (hereinafter collectively referred to as the "Crawford Cases"). As the Crawford Cases make clear, even if a hearsay statement might otherwise technically be admissible pursuant to the Federal Rules of Evidence, that particular statement may still be barred pursuant to the Confrontation Clause of the United States Constitution.

In Crawford, *supra*, the Supreme Court in 2004 held that even if the rules of evidence technically permit a hearsay statement, the Confrontational Clause of the United States Constitution may still bar the use and/or admission of that statement. If the statement in question is deemed "testimonial," then the statement is barred from use and/or admission unless (A) the declarant is unavailable ***and*** (B) the defendant had a prior opportunity to cross-examine the declarant.

In *Davis v. Washington*, *supra*, and *Hammon v. Indiana*, *supra*,

the Supreme Court in 2006 began to define the term "testimonial" in the context of the <u>Crawford</u> decision.  In <u>Davis v. Washington</u>, *supra*, the Court held that a 911 call was not "testimonial" because the statements made in the call were part of a response to an "ongoing emergency" and were not part of a ongoing police investigation of a past crime.  However, in <u>Hammon v. Indiana</u>, *supra*, the Court held that a wife's statement to the police about the domestic violence actions of her husband were in fact "testimonial" because (primarily) the statements were made at a moments in time where there was no longer an "ongoing emergency."

In <u>Melendez-Diaz v. Massachusetts</u>, *supra*, the Supreme Court in 2009 held that even allowing a result of a chemical/lab test to be admitted at trial without the actual testimony of the human that actually performed the test was a violation of Confrontational Clause.  The Court held that the lab report itself (even with an affidavit from the lab) was "testimonial," and that it was a violation of the Confrontational Clause to admit that report's conclusions without giving the defendant the right to cross-examine the human who conducted the test and/or analysis.  The Court, however, did imply that "notice-and-demand" statutes might be a constructive way to avoid all of the many technicalities associated with the many times scientific reports are used in the world of criminal prosecution.

In <u>Bullcoming v. New Mexico</u>, *supra*, the Supreme Court in 2011 held that even a supervisor of a lab that generated a scientific report was not a substitute for the actual lab technician who

actually performed the actual test in question. The Court held that using the lab supervisor in lieu of the actual lab technician was nothing more than "surrogate testimony."

In <u>Ohio v. Clark</u>, *supra*, the Supreme Court in 2015 held that a 3-year-old minor child's spontaneous statement to his pre-school teacher about his abuse by the defendant were not "testimonial" because the "primary purpose" of the statement did not involve a then-ongoing criminal investigation or prosecution.

The Sixth Circuit has expressly applied the doctrines of the Crawford Cases to a prosecution attempt to use an agent as both an expert and fact witness - and held that doing was an action in "parroting" the required testimony of the real fact witness. See <u>United States v. Rios</u>, 830 F.3d 403 (2016). The Sixth Circuit held that the detective's testimony about what was said in various interviews with declarants was prohibited.

3. **<u>Identifying the Exhibits and Testimony that Has Hearsay /Testimonial Implications</u>**.

This case involves hundreds (if not thousands) of potentially hearsay statements and issues. It is clear from the foregoing law that it is imperative that the prosecution promptly, specifically and unambiguously identify any witness or document that may implicate Federal Rule of Evidence hearsay issues or Crawford Cases Confrontational Clause issues. It would be significantly impractical for this Court to attempt to address each and every one of what could be thousands of occasions of these issues as they

each arise during the trial itself. Accordingly, it is both wise and mandatory (see Rule 807) that the prosecution, long before trial, identify each and every of the specific exhibits and witnesses the prosecution intends on using at the trial in this matter.

In that regard, the Defendant specifically moves this Court to do the following:

A.  Order the prosecution to identify all of the specific exhibits the prosecution will be presenting at trial; and

B.  Order the prosecution to identify all of the witnesses the prosecution intends on calling at trial, along with a summary of the putative declarant-based testimony each of those witnesses may refer to; and

C.  Permit the Defendant to review all of those disclosures to see if there are any hearsay rule or Crawford Cases issues with those disclosures to see if (i) there can be stipulation to their admission and/or (ii) objection to their admission.

Accordingly, the Defendant so moves this Court.

Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP

***/Michael J. O'Shea***
Michael  J. O'Shea, Esq. (0039330)
michael@lipsonoshea.com
Hoyt Block Building - Suite 110
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 241-0011 - Cleveland office
(440) 356-2700 - Rocky River office
(440-331-5401 - fax
**Attorney for the Defendant**