# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO.: 1:16-CR-0224 |
| Plaintiff, | ) |
| | ) |
| | ) JUDGE PATRICIA A. GAUGHAN |
| vs. | ) |
| | ) |
| BOGDAN NICOLESCU, | ) **JOINT UNOPPOSED MOTION TO** |
| | ) **CONTINUE TRIAL, FINAL PRETRIAL,** |
| Defendant. | ) **AND RELATED MOTION DEADLINES** |

Now comes the Defendants, Bogdan Nicolescu, and Radu Miclaus, by and through undersigned Counsel, Ross T. Smith, Esq., and Michael J. O'Shea, Esq., and hereby respectfully jointly move this Honorable Court to continue the final pretrial and trial in this matter. At present, the final pretrial is scheduled for September 4, 2018, and theTrial is currently scheduled for September 10, 2018. The undersigned has engaged in discussions with Counsel for the co-defendant, as well as the Assistant United States Attorneys assigned this matter. Following a thorough review of the status of discovery, as well as available dates going forward, the government has no opposition or objection to the joint instant request and the parties request. As a corollary, Defense Counsel and Counsel for the Government hereby jointly respectfully move this Honorable Court to schedule a Status Conference sometime during the week of August 27, 2018, or earlier, if this Honorable Court's schedule allows.

This case has previously been declared complex and involves a 53 page, 21-count Indictment that spans a period of many years. The volume of discovery in this case is substantial and the discovery process remains ongoing. To date, the defense has been provided with boxes of material that contain documentation, as well as a significant number of discs that contain

Electronically Stored Information (ESI).  In addition, the government has provided multiple DVDs containing a variety of reports and associated files.  The government has also provided many terabytes of information on external hard drives.

Most recently, Counsel has been notified that one of the co-defendants has filed written notice of intention to enter into a guilty plea for full cooperation.  As a result, the Attorneys for the Government have stated that much more discovery (with translations) will be forthcoming, and additional time to review said discovery will be needed.  The parties have worked together to facilitate the exchange of discovery, and all parties have engaged in meetings with the agents at their offices in order to better understand the structure of the data provided.

Undersigned Counsel continues to process and review the significant amount of discovery provided to date.  In addition to the ongoing review being conducted, the Defendant currently remains detained at the Northeast Ohio Correction Center (N.E.O.C.C.) in Youngstown and this information and data has to be shared in a meaningful way in order to ensure all of his rights are secured.  Due to the volume and nature of the discovery and data, as well as the fact that the majority of the discovery has been provided on external hard drives, this process requires significant time and has presented a variety of logistical challenges, especially in light of the software limitations on the machines located within the facility.  It is respectfully submitted that this Honorable Court should exercise its discretion pursuant to 18 U.S.C. § 3161(h)(7)(A) and grant the requested continuance in the interests of justice to allow all Counsel and Defendants sufficient time to investigate the allegations set forth in the indictment, review and analyze the discovery presented and to be provided, and to prepare a defense.

Generally, a basic right found in the constitutional guarantees of Due Process and Fair Trial is that defense counsel be afforded the ability to prepare an adequate defense.  *See, e.g., White v. Ragen* (1945), 324 U.S. 760, 763; *Hawk v. Olson* (1945), 326 U.S. 271; *Powell v. Alabama* (1932), 287 U.S. 45.  Although there have been a number of meetings, discussions and exchanges of discovery, Defense Counsel and Counsel for the United States of America are currently involved in discussions regarding discovery that is yet to be completed or provided.  The recent filing by a co-defendant has now prompted more discovery to be provided and additional is required.

Pursuant to 18 U.S.C. § 3161(h)(7)(B), the factors to be weighed for purposes of deciding whether to grant a continuance include the following:

(i)     Whether the failure to grant such a continuance in the proceeding would be likely

> to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

To grant a continuance, a trial court must evaluate the above-referenced factors and arrive at the conclusion that "the ends of justice" are served by doing so. In the matter *sub judice,* analysis of the foregoing factors leads to the conclusion that a continuance serves the ends of justice. Having a meaningful opportunity to analyze the evidence is crucial to identifying any potential defenses that Defendants have at trial. It is well established that a continuance of a trial shall be granted in order to allow all parties sufficient time "to investigate, research, prepare and file pretrial motions." *United States v. Monroe,* 833 F.2d 95, 99 (6th Cir. 1989). To proceed to trial – or otherwise decide whether trial is in the Defendant's best interests – prior to the completion of an independent analysis of the discoverable evidence and data is tantamount to denying the Defendant the right to present a meaningful defense.

The undersigned certifies to this Court that the case is being prepared with due diligence and that this Motion is not made for purposes of delay. The defense needs the opportunity to review the documentation provided to date, as well as the terabytes of data and ESI provided on external hard drives, in addition to conducting meaningful research and investigation of the issues presented therein, as well as additional time to investigate and review that which the Government states is forthcoming. For these reasons, following meaningful consultation with all parties hereto, Defense Counsel and Counsel for the Government jointly respectfully request a Status Conference

during the week of August 27, 2018, or earlier, if this Honorable Court's schedule allows.

The Defendants understand that, pursuant to 18 USC § 3161, they are entitled to the commencement of a trial within seventy (70) days after arraignment, or the filing of indictment, whichever date occurs later. Defendants also understand that this Honorable Court must then make the necessary findings in order for a continuance to be justified. Defendants further understand that the Act excludes periods of time and certain specified circumstances, including, but not limited to, a delay resulting from a continuance granted by any Judge on his Motion or at the request of the Defendant or his counsel ... if the Judge grants such Continuance on the basis on findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant ends speedy trial. Title 18, Section 3161(h)(8)(A).

Defendants also understand that this Honorable Court may consider several factors in determining whether to grant a continuance, including, but not limited to, whether the granting of such a continuance in a proceeding would result in a miscarriage of justice. Defendants recognize that the Act also provides that when "the case is so unusual or so complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for a pre-trial proceeding or for the trial itself within the time limits established by this Section."

Upon information and belief, the Assistant United States Attorneys in this matter have no objection or opposition to the instant requested continuance. Based upon the foregoing, Defendants jointly respectfully request that this Honorable Court continue the final pre-trial and trial date. The continuance requested is for legitimate reasons and not for purposes of causing undue burden or delay. It is respectfully submitted that granting this Motion will serve the ends of justice.

**WHEREFORE**, the Defendants, Bogdan Nicolescu and Radu Miclaus, by and through undersigned Counsel, jointly respectfully request that this Honorable Court continue the final pretrial and trial in order to allow adequate time for the parties to complete the exchange of discovery and for Defendants to conduct an analysis of the materials provided.

    Respectfully submitted,

_____
**ROSS T. SMITH, #0079786**
Counsel for Bogdan Nicolescu
Huntington Bank Building
26 Market Street, Suite 610
Youngstown, Ohio 44503
Telephone:   (800) 457-9295
Facsimile:   (800) 910-6030
Email:   ross@rosssmithlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on August 13, 2018, a copy of foregoing UNOPPOSED JOINT MOTION TO CONTINUE was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                                          _____
                                                          **ROSS T. SMITH, #0079786**
                                                          Counsel for Bogdan Nicolescu