# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-00224 |
| | ) | |
| Plaintiff, | ) | JUDGE GAUGHAN |
| | ) | |
| vs. | ) | ***RENEWED*** |
| | ) | ***MOTION IN LIMINE*** |
| RADU MICLAUS, et al. | ) | ***Re: Testimonial Hearsay*** |
| | ) | ***Statements*** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Now comes Defendant Radu Miclaus (the "Defendant"), by and through counsel, and hereby respectfully renews Defendant's ***Motion in Limine Re: Testimonial Hearsay Statements*** (the "Motion in Limine") filed on June 24, 2018 (Document No. 73).

The purpose of renewing the Motion is Limine is to address some of the recently disclosed exhibits and proposed stipulations, and to address any of the possible mandates of Fed.R. Evid. 103.

Fed.R.Evid. 103 provides:

**Rule 103. Rulings on Evidence**
(a) Preserving a Claim of Error. A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
    (1) if the ruling admits evidence, a party, on the record:

        (A) timely objects or moves to strike; and

        (B) states the specific ground, unless it was apparent from the context; or

    (2) if the ruling excludes evidence, a party informs the court of its substance by an

offer of proof, unless the substance was apparent from the context.

(b) Not Needing to Renew an Objection or Offer of Proof. Once the court rules definitively on the record — either before or at trial — a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

(c) Court's Statement About the Ruling; Directing an Offer of Proof. The court may make any statement about the character or form of the evidence, the objection made, and the ruling. The court may direct that an offer of proof be made in question-and-answer form.

(d) Preventing the Jury from Hearing Inadmissible Evidence. To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.

(e) Taking Notice of Plain Error. A court may take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved.

When it comes to the hearsay and testimonial statements which are at issue in the Motion in Limine, the Defendant seeks this Court's clarification as to (A) whether this Court's ruling on the Motion in Limine was a "definitive" ruling, (B) how this Court will address the objectionable statements at trial and (C) whether the newly disclosed potential exhibits demonstrate the concern the Defendant had in the Motion in Limine. See, e.g. United States v. Aguirre, 605 F.3d 351 (6th Cir. 2010) (footnote 3); and Dimanche v. Mass. Bay Transp. Auth., 893 F.3d 1 (6th Cir. 2018) (footnote 6).

    Here is an example of the type of documents and testimony that concerns the Defendant:

    A.   Summaries and/or transcripts (many translated from Romanian) of phone calls and/or texts and/or emails which are contained in exhibits to be presented at trial (including communications from third parties);

    B.   Computer file names (translated from Romanian) which are contained in exhibits to be presented at trial; and

    C.    Statements from foreign government agents about conversations purportedly between the defendants and others.

All of this evidence fits the definition of "hearsay" (as set forth in the Motion in Limine). None of this type of evidence fits any of the exceptions to the Federal Rules of Evidence hearsay exceptions. Further, even if the Federal Rules of Evidence (as written) potentially permitted the introduction of this evidence, the "Crawford Cases" (as defined in the Motion in Limine)[1] bar the direct or indirect use of this evidence.

    The Government has recently revealed that it may have as many as 3000 exhibits. In that regard, the undersigned counsel is currently trying to work with the Government to try to identify some documents and evidence to which (although it should be barred by the hearsay rules and/or the Crawford Cases) the undersigned may stipulate in order that this Court not get bogged down in countless trial objections as to each document. Those conversations are ongoing. In that regard, once the Government and the undersigned finish the stipulations on which they can agree, there will likely remain a rather large amount of documents which this Court may want to review prior to trial in order to evaluate the admissibility.

    For the foregoing reasons, and given the large volume of exhibits which the Government will seek to utilize at trial, the

---

[1] *Crawford v. Washington*, 541 US 36 (2004); *Davis v. Washington*, 547 US 813 (2006); *Hammon v. Indiana*, 547 U.S. 813 (2006); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009); and *Bullcoming v. New Mexico*, 564 US 647 (2011).

Defendant specifically moves this Court to do the following:

    A.    Order the prosecution to identify all of the specific exhibits the prosecution will be presenting at trial; and

    B.    Order the prosecution to identify all of the witnesses the prosecution intends on calling at trial, along with a summary of the putative declarant-based testimony each of those witnesses may refer to; and

    C.    Permit the Defendant to review all of those disclosures to see if there are any hearsay rule or Crawford Cases issues with those disclosures to see if (i) there can be stipulation to their admission and/or (ii) objection to their admission.

Accordingly, the Defendant so moves this Court.

Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP

*/Michael J. O'Shea*
Michael J. O'Shea, Esq. (0039330)
michael@lipsonoshea.com
Hoyt Block Building - Suite 110
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 241-0011 - Cleveland office
(440) 356-2700 - Rocky River office
(440-331-5401 - fax
**Attorney for the Defendant**

## **PROOF OF SERVICE**

    I hereby certify that a true copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic system.

                                        S/Michael J. O'Shea
                                        Michael J. O'Shea