IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-224 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| BOGDAN NICOLESCU, et al. | ) | |
| | ) | |
| | ) | UNITED STATES OF AMERICA'S |
| Defendant. | ) | REPLY IN SUPPORT OF MOTION |
| | ) | IN LIMINE TO ADMIT OUT-OF-COURT |
| | ) | STATEMENTS |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, Duncan T. Brown and Brian M. McDonough, Assistant United States Attorneys, and Brian L. Levine, Senior Counsel for the U.S. Department of Justice, and hereby submits this Reply in support of its Motion in Limine to Admit Out-of-Court Statements.

## INTRODUCTION

Despite two extensions of time (both sought by his co-defendant) and the Court's February 5 ruling that "[t]here will be no further extensions," Radu Miclaus did not file any opposition to the government's hearsay motion.  Bogdan Nicolescu did file a short "opposition," but it is mostly a reservation of rights on separate issues as limiting instructions, redactions, relevance and FRE 403 objections, and authentication.  If anything, the defendants' oppositions (or lack thereof) make clear that there are no legitimate hearsay or Confrontation Clause issues with the Government's exhibits.  The Court should now grant the government's motion to admit, or conditionally admit, the government's exhibits.

**DISCUSSION**

The government addresses the limited areas of possible disagreement below:

1.      <u>Limiting Instructions</u>.  Nicolescu requests limiting instructions for exhibits that are only offered for a non-hearsay purpose (i.e., identification or authentication).  *See, e.g.,* Opp. at 4-5.  There are 45 exhibits that are offered *only* for a non-hearsay purpose and do not fit into any other exception.  *See* Dkt. 104-1 at Govt. Exs. 369-70, 373, 406-40, 1075, 1962, 1965-70, 2308-09.  The government does not object to such a limiting instruction for these exhibits.

2.      <u>Redactions</u>.  Nicolescu requests that exhibits be redacted for relevance and to prevent unfair prejudice, but he does not suggest any particular redactions.  Opp. at 4, 7, and 12.  The government does not oppose appropriate redactions if Nicolescu proposes specific redactions in enough time before trial for the United States to implement them.

3.      <u>Relevance / Authenticity</u>.  Nicolescu reserves the right to object on relevance and authenticity grounds.  Opp. at 9.  For example, Nicolescu seems to object to introduction of Romanian search orders on relevance grounds.  *Id.* at 9.  The government's motion, however, relates only to hearsay and the Confrontation Clause.  Nicolescu's reservation of rights is noted.

4.      <u>Computer Generated "Statements"</u>.  Nicolescu generally does not object to this category, but argues that "anything involving specific input by Defendant or any other human being, as in the Xabber chats, does not qualify simply as computer generated output and contains possible hearsay."  Opp. at 8.  As a general matter, the government agrees, although it is important to note that *all* output by a computer is originally based on "specific input by . . . [a] human being." *Id.*  The government has attempted to draw the line appropriately.  Thus, with respect to chats, where the government is introducing a screenshot for the *content* of the chat, it would not rely on this "exception."  The government relies on this "exception," however, where it is focused on the computer generated aspects of the chat—such as the automatically generated message showing that

2

the content of the chat has been encrypted.  Many of the Xabber chats contain nothing (or nothing relevant) besides these automatically generated "encryption" messages.

5.  <u>Authentication</u>.  Nicolescu is concerned that authentication evidence could become "cumulative."  Opp. at 10-11.  The government, however, bears the burden of proving to the jury that the evidence is authentic.  Nicolescu can avoid what he considers to be "cumulative" evidence, merely by stipulating—either before or during trial—to the authenticity of any of his devices.  At the last pretrial conference neither defendant was willing to so stipulate.

6.  <u>Statements of a Party Opponent</u>[1].  Nicolescu cites *United States v. Thurman*, 915 F. Supp. 2d 836 (W.D. Ky. 2013) as though *Thurman* narrowed the application of Rule 801(d)(2)(A).  Opp. at 11.  In fact, *Thurman* does the exact opposite, standing for the proposition that "a party opponent's statement under FRE 801(d)(2)(A) is *not* dependent on whether the challenged out-of-court statement is inculpatory or exculpatory."  *Id.* at 849-50 (emphasis added).  *Thurman* cites to a Sixth Circuit case, *United States v. Slone*, which held that "Courts have defined admission *to include* some specific fact which tends to establish guilt or some element of the offense." 833 F.2d 595, 601 (6th Cir. 1987) (emphasis added).  *Slone*, however, was also not narrowing Rule 801(d)(2)(A).  *Slone*, for example, did not hold that FRE 801(d)(2)(A) would *not* apply to statements that tend to (a) disprove of a defense; (b) establish identity; or (c) authenticate evidence.  This line of cases merely establishes the FRE 801(d)(2)(A) applies to any *relevant* statement of a party opponent.  Indeed, citing to *Slone*, the Sixth Circuit has repeatedly said that "it is a 'familiar rule of evidence that *any statement by a*

---

[1] Counsel for Nicolescu argues that FRE 801(d)(2)(A) applies only to statements made by current defendants.  Dkt. 117 at PageID 1914-15.  The government agrees and has not designated any of Danet's statements as party opponent statement as defined in the rule.

*party* may be offered against him by his opponent.'"  *United States v. Cohen*, 946 F.2d 430, 435 (6th Cir. 1991) (emphasis added).[2]

7.  <u>Adopted Admissions</u>.  Nicolescu argues that he is "unaware of any evidence to support the conditions under which [his] signatures were given" to the form (Govt. Ex. 5) identifying the items seized from Nicolescu's home.  Opp. at 12.  But Nicolescu is necessarily aware of the conditions under which he signed this form, since it was Nicolescu *himself* who signed the form.  Nicolescu certainly has the right to argue that his signature was procured by improper means, but Nicolescu would *at least* have to make such an allegation.  Even at this late date, Nicolescu has not made any such allegation.  In any event, multiple witnesses who were present at the search of Nicolescu's house are expected to testify at trial and confirm that Nicolescu's signature was not procured through any improper means.[3]

8.  <u>Records of Regularly Conducted Activity</u>.  Nicolescu objects on Confrontation Clause grounds to the introduction of provider records without representative from each of the nine providers who provided records (i.e., America Online, 1&1 Media, Google, Yahoo, Facebook, CentriLogic, Dreamhost, Site5, and Afraid.org).  Opp. at 15.  The Court, however, considered this issue in May 2018 and held that "the Court accepts the certifications as evidence

---

[2] *See also United States v. Whiteside*, 747 F. App'x 387, 399 (6th Cir. 2018) ("*any statements* made by Whiteside and heard by Agent Wilson via the informant's recording and transmitting device would be admissible as statements of a party opponent.") (emphasis added); *United States v. Varone*, No. 1:08 CR 184, 2008 WL 11352621, at *2 (N.D. Ohio Dec. 4, 2008) ("As Plaintiff correctly states, *any statements* made by Defendant within the records would fall under the party-opponent hearsay exception under Federal Rule of Evidence 801(d)(2)(A).") (emphasis added).

[3] Moreover, by signing the form, Nicolescu did not admit to participating in any crime, or even to being the owner of the items seized.  *See* Govt. Ex. 5.  Nicolescu simply acknowledged the items that were seized from the house and that he did not object to the manner in which the search was carried out.  *Id.* at 23.

4

of authenticity and a live witness need not be produced." Dkt. 70 at 2.  The Government relied in good faith on the Court's ruling and released all of these witnesses from their subpoenas months ago.  Moreover, the government provided extensive authority—including unanimous decisions from five different circuit courts and the official advisory notes of the Federal Rules Committee—for the fact that these provider certifications do not pose a Confrontation Clause problem.  Dkt. 104 at 23-25.  Nicolescu simply ignores all of this authority, and asserts otherwise based solely on his narrow reading of *Melendez-Diaz*.

9.      <u>Present Sense Impression & Recorded Recollection</u>.  Nicolescu argues that to introduce the inventory forms at issue here (i.e., Govt. Exs. 259 & 1414, 1412, 402, 1417 at 24-38) the government must have a witness available for confrontation.  Opp. at 16.  Consistent with its motion, the government agrees, and intends to introduce these forms through their authors.  Dkt. 104 at 26.

## CONCLUSION

The government respectfully requests that the Court exercise its discretion to admit, or conditionally admit, the government's exhibits in order to significantly streamline the March 25th trial and to reduce juror confusion that would result from constant interruption to address evidentiary objections.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:      /s/ Brian L. Levine
          Brian L. Levine (DC: 480216)
          Senior Counsel
          United States Department of Justice
          1301 New York Avenue, Suite 600
          Washington, DC 20005
          (202) 616-5227
          (202) 514-6113 (facsimile)

5

Brian.Levine@usdoj.gov

Duncan T. Brown (NY: 3982931)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3933
(216) 522-7499 (facsimile)
Duncan.Brown@usdoj.gov


Brian M. McDonough (OH: 0072954)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of February, 2019, a copy of the foregoing Reply in Support to Motion for Out of Court Statements was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Duncan T. Brown
Duncan T. Brown
Assistant United States Attorney

7