IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-224 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| BOGDAN NICOLESCU, et al. | ) | |
| | ) | UNITED STATES OF AMERICA'S |
| | ) | MOTION TO STRIKE MICLAUS' |
| | ) | BELATED OPPOSITON TO |
| Defendant. | ) | THE GOVERNMENT'S MOTION TO |
| | ) | ADMIT OUT-OF-COURT STATEMENTS |
| | ) | AND ANY OTHER BELATED RESPONSE |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, Duncan T. Brown and Brian M. McDonough, Assistant United States Attorneys, and Brian L. Levine, Senior Counsel for the U.S. Department of Justice, and hereby submits this Motion to Strike Miclaus' Belated Opposition to the Government's Motion To Admit Out-Of-Court Statements (Dkt. 126) and Any Other Belated Response.

Miclaus' belated "opposition" to the Government's hearsay motion should be stricken for at least three reasons:

First, Miclaus' reply is untimely. It is late even for being late. The Court extended the defendants' deadline to respond twice—both times at Nicolescu's request (and without Miclaus even joining in the request). When the Court granted Nicolescu's last motion to extend the deadline on February 5, the Court held, "There will be no further extensions." The new deadline to respond was Friday, February 15. Miclaus missed that third deadline, waited until after the government had already filed its reply brief, and then filed his brief two days late—without ever seeking leave to file late or even acknowledging that his filing was late.

Second, what Miclaus finally filed cannot even be called a brief.  The filing is simply a long list of exhibit numbers to which Miclaus either "objects" or "may" object.  Miclaus does not provide the basis for any of his objections, let alone any argument in support of his objections, let alone any legal authority whatsoever in support of his objections.  One cannot even tell from Miclaus' response whether his objection is based on hearsay, Confrontation Clause grounds, or both.  Miclaus' failure to provide a substantive response to the government's motion is particularly troubling given that (a) the United States crafted a careful and detailed motion with extensive citation supporting each of its positions; (b) the United States made clear in the pretrial conference, in its hearsay motion, and in a recent filing opposing an additional extension (Dkt. 114) that it believed it would be significantly prejudiced if delay prevented the Court from ruling on its motions before trial; and (c) the Court generously granted defendants two extensions of time to respond, even over the Government's objection.

Third, the fact that Miclaus objects to 2,024 of the 2,306 (approximately 88%) of the listed exhibits demonstrates that Miclaus' mystery objections are not made in good faith.  Even a cursory glance at the exhibits to which Miclaus objected show his objections are not made in good faith.  For example, Miclaus objects to Government Exhibits 20, 21, and 22, which are all selfie photographs of Nicolescu and his girlfriend found on Nicolescu's Asus cellphone.  Dkt. 126-3 at 1.  These exhibits are photographs—not statements—and thus, unquestionably not hearsay.  Dkt. 104 at 5-6.  Because photographs are not hearsay, they do not raise Confrontation Clause issues either.  *Id.* at 4-5.  Nicolescu does not even contest the authenticity of the Asus cellphone on which these photos were found.  Dkt. 118 at 6.  Nonetheless, Miclaus objects to these three exhibits on some unknown grounds.  (Dkt. 126-3 at 1.)  And this is just one example of how Miclaus' objections are made in bad faith.  There are likely more than 2,000 other

examples.  Indeed, Miclaus even objects to scores of exhibits that the government specifically indicated it was *not* seeking to admit.  Dkt. 104 at 27.

Miclaus suggests what would inevitably be a multi-day "pretrial hearing" to argue about the 2,024 exhibits with which he objects, at which he says "the Government will attempt to rationalize why the specific exhibit at issue is not excluded as a hearsay/Crawford violation . . . and the Defendant will do the opposite."  Dkt. 126 at 3.  But the Government has already thoroughly laid out its argument for each exhibit, along with the extensive legal authority in its Motion.  Dkt. 104.  It is Miclaus who has completely abdicated his responsibility to provide any substantive (or timely) response whatsoever.  Miclaus also says he "will attempt to schedule a series of meetings" with the government "to sort out" these issues.  Dkt. 126 at 2.  Had Miclaus provided substantive responses with authority, the government could have reviewed its position in light of Miclaus' substantive response.  But Miclaus' empty response has left the government with nothing it could possibly meet with Miclaus about.  It is as if Miclaus is simply trying to make it harder for the Court to resolve any of these issues before trial so that he can benefit from the increased juror confusion that will inevitably result from a longer, broken up, and objection-laden trial.

The United States respectfully requests that the Court strike Miclaus' belated response, and that it admit or conditionally admit its exhibits.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Brian L. Levine
    Brian L. Levine (DC: 480216)
    Senior Counsel
    United States Department of Justice
    1301 New York Avenue, Suite 600

Washington, DC 20005
(202) 616-5227
(202) 514-6113 (facsimile)
Brian.Levine@usdoj.gov

Duncan T. Brown (NY: 3982931)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3933
(216) 522-7499 (facsimile)
Duncan.Brown@usdoj.gov

Brian M. McDonough (OH: 072954)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2019, a copy of the foregoing Motion *in Limine* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Duncan T. Brown
    Duncan T. Brown
    Assistant United States Attorney