IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-224 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| BOGDAN NICOLESCU, et al. | ) | |
| | ) | |
| | ) | UNITED STATES OF AMERICA'S |
| Defendant. | ) | MOTION IN LIMINE REGARDING |
| | ) | NON-PROSECUTION OF OTHER |
| | ) | MEMBERS OF THE BAYROB GROUP |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, Duncan T. Brown and Brian M. McDonough, Assistant United States Attorneys, and Brian L. Levine, Senior Counsel for the U.S. Department of Justice, and hereby submits this Motion in Limine Regarding Non-Prosecution of Other Members of the Bayrob Group.

The government moves, pursuant to Federal Rules of Evidence 401, 402, and 403, to exclude defendants from implicitly or explicitly arguing that they should be acquitted because the government elected to immunize or not to prosecute other (allegedly) similarly situated members of the same conspiracy.  In other words, defendants should not be permitted to argue to the jury that "if the government didn't think it was necessary or appropriate to prosecute Messrs. A, B, C, X, Y, or Z for engaging in this same conspiracy, why is my client even sitting here today?"

As the Court is well aware, "a decision not to prosecute is made for many reasons, sometimes for reasons unrelated to the merits of the charge." *Reno Hilton Resorts v. NLRB,* 196

1

F.3d 1275, 1281 (D.C. Cir. 1999).  While the decision not to charge a cooperator could be relevant to the cooperating witness's own veracity or bias, it is not otherwise relevant to a defendant's guilt.  Further, the probative value (if any) of such an argument is substantially outweighed by its prejudicial effect and/or tendency to confuse the jury.

Indeed, the Sixth Circuit Pattern Jury Instructions explicitly warn the jury that:

> [W]hether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Sixth Circuit Pattern Jury Instructions § 2.01(3) (January 7, 2019) (available online at www.ca6.uscourts.gov/pattern-jury-instructions); *see also United States v. Ballentine*, No. 98-6035, 198 F.3d 247, at *7 (6th Cir. Nov. 17, 1999) (finding that instructing the jury pursuant to § 2.01(3) was proper where the third-party's guilt "neither logically entails nor even probabilistically indicates [defendant's] innocence"); *Smith v. United States*, No. 07-1564 285 F. App'x 209, 215 (6th Cir. July 1, 2008) (same).  Further, the Sixth Circuit had made clear that "a 'defense' of selective prosecution is a matter for the court, not the jury." *United States v. Abboud*, 438 F.3d 554, 579–80 (6th Cir. 2006) (affirming grant of government's motion *in limine* to prevent defendants from presenting evidence of selective prosecution at trial).

The United States has requested that Jury Instruction § 2.01(3) be given to the jury (Dkt. 94 at 20), and asserts that it is dispositive of the issue raised by this motion.  The government respectfully requests that the Court grant its motion to exclude defendants from explicitly or implicitly arguing that they should be acquitted because the government elected to immunize or not to prosecute other members of the same conspiracy.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Duncan T. Brown
        Duncan T. Brown (NY: 3982931)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3933
        (216) 522-7499 (facsimile)
        Duncan.Brown@usdoj.gov

        Brian M. McDonough (OH: 0072954)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3965
        (216) 522-2403 (facsimile)
        Brian.McDonough@usdoj.gov

        Brian L. Levine (DC: 480216)
        Senior Counsel
        United States Department of Justice
        1301 New York Avenue, Suite 600
        Washington, DC 20005
        (202) 616-5227
        (202) 514-6113 (facsimile)
        Brian.Levine@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 25th day of February, 2019, a copy of the foregoing Motion in Limine was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ Duncan T. Brown
                                                Duncan T. Brown
                                                Assistant United States Attorney