UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:16 CR 224** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Bogdan Nicolescu, *et al.*,** | ) | <u>Order</u> |
| | ) | |
| **Defendants.** | ) | |

Currently pending is the United States of America's Corrected Motion in Limine to Admit Out-of-Court Statements (Doc. 104). The motion is DENIED.

The government asks that the Court conditionally admit in excess of 2,000 exhibits over any potential hearsay or Confrontational Clause objection defendants may have. The government points the Court to a lengthy chart in which it lists these thousands of exhibits and purports to identify at least one reason why no such objection would have merit. In response, defendants attempt to sort through the exhibits and respond to the government's generic arguments. By way of example, both defendants argue that they would not object to certain exhibits if appropriate redactions are made. The government then responds that, with respect to

1

defendant Nicolescu, it does not object to redactions in the event Nicolescu provides "specific" redactions with sufficient time before the start of trial. The government further blames the defendants for either failing to timely respond or maintaining "generic" objections and a reservation of rights.

Upon review, the government's request is DENIED. Frankly, the Court is dismayed that the government would even make such a request. But, in the event such a request is made, the Court would never consider the request without an explanation by the government as to why each exhibit is subject to a hearsay exception. A chart containing no written explanation is insufficient. Moreover, this case is extremely complicated. The government argues that much of its evidence will be used to establish identity. But, even the one example the government provides is difficult to follow and contains what appears to be a translation from Romanian to English. The Court simply will not conditionally admit all of the government's exhibits now, before a single witness takes the stand.

The government points out that other courts have conditionally admitted exhibits before trial begins. The Court does not doubt that such a procedure can be utilized in the appropriate circumstance. But the government's own example proves why this is not such a case. In one of the cases cited by the government and provided to this Court, the trial court conditionally admitted 128 out-of-court statements. But the court described the statements as "mostly emails and text chats," and noted that the authenticity of the documents "had already been established." In contrast, the government here seeks the admission of nearly 20 times as many exhibits and those exhibits consist of a wide-range of items that fall into many different categories. And, defendants object to authenticity.

While undoubtedly, the government's job would be made easier by a pre-trial ruling that not a single one of its exhibits suffers from hearsay or Confrontation Clause problems, the Court cannot and will not grant such a request.  The Court is further disturbed that the government believes that the defendants are somehow at fault for not combing through over 2,000 exhibits before trial even starts and lodging objections now, without the benefit of witness testimony or the context in which the exhibit may be used.  Even more problematic, in the government's reply brief, it acknowledges that certain redactions may be necessary.  Thus, the Court is not even in possession of the document in the form for which the government seeks admission.

Simply put, the government's request is overbroad.  This is not a situation in which the government requests a pre-trial ruling on a narrow issue or category of critical documents.  Rather, the government seeks a pre-trial ruling with respect to over 2,000 exhibits.  The Court recognizes that this trial will be complicated and time-consuming.  But that is not a sufficient reason to take drastic short cuts, which will undoubtedly impact the rights of the defendants.  The motion is DENIED.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 2/25/19