# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-00224 |
| Plaintiff, | ) | JUDGE GAUGHAN |
| vs. | ) | |
| | ) | **MOTION IN LIMINE re:** |
| | ) | **THE GOVERNMENT'S ATTEMPT** |
| RADU MICLAUS, et al. | ) | **TO BAR DEFENSE COUNSEL** |
| | ) | **FROM POSING DEFENSE ISSUES** |
| Defendants. | ) | **AND QUESTIONS** |

Now comes Defendant Radu Miclaus (the "Defendant"), by and through counsel, and hereby respectfully moves this Court to issue and order to the United States (the "Government") to bar the Government's attempt to bar defense counsel from posing reasonable defense issues and questions in the trial in this matter.

For purposes of this motion, the Defendant incorporates by reference the text of page 13 of the Government's trial brief regarding proffer issues. As that page indicates, the Government may indeed take the position that the undersigned is barred from asking almost any defense questions of witnesses in this case or risk the "proffer" consequences set forth on that page of the trial brief.

It is the understanding of the undersigned that the Government

will be producing relevant 302s and a video of the statements at issue (not yet produced at the time of the filing of this motion). Then this Court must review the 302s and the video (which for some reason has never been transcribed) in order to see what does and does not impact the issues raised on page 13 of the Government's trial brief.

It is somewhat imperative that the undersigned understand the range of the prohibitions that the Government seeks on the ability of the Defendant to defend himself at trial. It is the good faith belief of the Defendant that the Government will extend the reasonable limits of the issues raised on page 13 of the Government's trial brief. See United States v. Shannon, 803 F.3d 778 (2015) (defense counsel "went too far" in crossing various witnesses).

The Defendant suggests that the Government should have to raise immediately any objections to any questions or defense issues that the Government believes in good faith may violate the proffer parameters asserted on page 13 of the trial brief. If the Government does not immediately raise any objections at the moment that the Government in good faith believes is a violation, then the Government should been deemed to have waived any claim to a violation of the issues set forth on page 13 of the trial brief.

For the foregoing reasons, the Defendant so moves this Court.

Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP

*/Michael J. O'Shea*
Michael  J. O'Shea, Esq. (0039330)
michael@lipsonoshea.com
Hoyt Block Building - Suite 110
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 241-0011 - Cleveland office
(440) 356-2700 - Rocky River office
(440-331-5401 - fax
**Attorney for the Defendant**

## PROOF OF SERVICE

 I hereby certify that a true copy of the foregoing has been filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic system.

 S/Michael J. O'Shea
 Michael J. O'Shea