# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-0224 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| RADU MICLAUS, et al. | ) | **ON RE-SENTENCING** |
| | ) | **ISSUES** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Now comes Defendant Radu Miclaus (the "Defendant"), by and through counsel, and hereby respectfully submits the Defendant's brief regarding the issues related to the remand for sentencing.

I. **Introduction and Procedural History**.

    A. *Original sentencing judgment and findings.*

After a trial on the merits, this court issued a December 6, 2019 sentence for the Defendant of **216 months**. See doc# 200 - dated December 6, 2019. Further, this Court issued a "Statement of Reasons" indicating that notwithstanding a guideline range of 235-293 months (level 38, criminal category I),[1] the Defendant

---

[1] As the parties and the Court of Appeals acknowledged, given that the statutory maximum of the grouping of the convicted offenses was 20 years, this Court (along with the consent of all of the parties) concluded that the final level for the Defendant had to be 38 (which encompassed the 20 year maximum) - rather than a final level of 43 (which was life).

should get a 19-month variance for the benefits of his initial proffer in this case. See Doc#202 - dated 12/12/19.

> *B. The Court of Appeals Decision on the Guideline enhancement issues.*

On November 9, 2021, the Sixth Circuit Court of Appeals issued an "Amended Opinion" which addressed a number of conviction sufficiency issues and sentencing issues.[2] Although the Court of Appeals Decision affirmed the substantive conviction of the Defendant (and affirmed the jury verdict on those issues), the Court of Appeals Decision did find error (and did reverse) this Court's finding on two separate enhancements attributed to the Defendant; to wit: (i) the application of the USSG 2B1.1(b)(4) "fence" enhancement (which gave the Defendant a **2-level enhancement**) and (ii) the application of USSG 2B1.1(b)(19)(A)(ii) for a "substantive" (vs. "conspiracy") conviction under §1030(a)(5)(A) (which gave the Defendant a **4-level enhancement**).

The net effect of the Court of Appeals Decision was to reduce enhancements attributable to the Defendant by **six levels**.

The Court of Appeals remanded the sentencing issues to this Court with the specific instructions that the enhancements pursuant to USSG 2B1.1(b)(4) and USSG 2B1.1(b)(19)(A)(ii) **do not** apply to the Defendant and **cannot** be used in **any** aspect to apply to the

---

[2] See the Sixth Circuit Court of Appeals "Amended Opinion" dated November 9, 2021 is part of the docket in this case (hereinafter referred to as the "Court of Appeals Decision."

sentence this Court now has to impose.

It is anticipated that the Government will suggest that this Court can functionally ignore the mandate of the Court of Appeals Decision and (notwithstanding that mandate) impose a sentence that is almost the same sentence that this Court imposed on December 6, 2019.

## II. **The Appropriate Sentence on Remand**.

    A.   *This Court and the parties agreed that the starting point for a sentence in this case is 38.*

At the sentencing in this matter on December 6, 2019, this Court and the parties agreed that, given the statutory maximum of 20 years, the *starting point* for a sentence in this case was 38 - which included all enhancements (including the ones which the Court of Appeals held were inappropriate).

    B.   *After eliminating six levels, the new starting point the Defendant's sentence is now obviously 32.*

After eliminating six levels (as mandated by the Court of Appeals Decision), the new starting point the Defendant's sentence is now obviously 32. Given the Defendant's criminal history category of I, the new advisory Guideline range is now 121-151 months.

    C.   *This Court has to apply the same 19-month variance it imposed on December 6, 2019.*

As set forth above, and as the "Explanation of Reasons" identifies, this Court applied a 19-month variance to the then

advisory Guideline sentence (at that time 235-293 months) for the Defendant, resulting in a net sentence of 216 months.  Implicit in the mandate of the Court of Appeals Decision, this Court has to apply the same 19-month variance it imposed on December 6, 2019.  To do otherwise it to shun the importance of the Court of Appeals Decision.

Given that the advisory sentencing range at level 32 (Criminal Category I) is 121-151 months, and given that this Court must carry forward the same 19-month variance, the net sentence should now be **102 months.**[3]  Again, to do otherwise, would be to ignore the clear import and mandate of the Court of Appeals Decision.

III.    **The First Step Act Apply to the Defendant**.

The Defendant suggests that the First Stap Act (First Step Act (FSA) of 2018 (P.L. 115- 391)) will be in play at the Defendant's remand sentencing hearing.  In that regard, the Defendant shall prepare a supplemental brief in that issue shortly.  The undersigned will attempt to counsel with the Government to get the Government's position on this issue, and see if the parties can stipulate on this issue.

---

[3] The undersigned has communicated the Defendant's position as to this new sentence to the Government prior to the filing of this brief.

Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP

*/Michael J. O'Shea*
Michael J. O'Shea, Esq. (0039330)
michael@lipsonoshea.com
The Hoyt Block Building - Suite 110
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 241-0011
(440) 331-5401 - fax
**Attorney for the Defendant**

## PROOF OF SERVICE

I hereby certify that a true copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic system.

S/Michael J. O'Shea
Michael J. O'Shea